**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WALTER C. BYRNE, III** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **WHOLE FOODS MARKET, INC.,** | : | |
| *AUSTIN, TX*  and **WHOLE FOODS** | : | |
| **MARKET, INC.** *WAYNE, PA* | : | **NO. 17-1033** |

**MEMORANDUM**

**SAVAGE, J.**                                                                                    **March 27, 2017**

Plaintiff Walter C. Byrne, III, acting *pro se* and proceeding *in forma pauperis*, brings this civil action against Whole Foods Market, Inc., for barring him from entering its store in Wayne, Pennsylvania.  He claims Whole Foods did so because it accused him of inappropriate contact with a female employee.  He asserts a federal constitutional claim under section 1983 and a state law claim for defamation.

Because Whole Foods is not a state actor and Byrne's defamation claim is time-barred, we shall dismiss his complaint.

**I.**

On February 28, 2015, a manager at Whole Foods informed Byrne that a female employee, identified as EB, had complained that she was uncomfortable around Byrne. The manager asked him not to approach EB and to avoid her checkout lane.  Byrne alleges that he "was stunned but agreed to adhere to the stipulations."  Nevertheless, when he returned home, he called EB and left a voicemail.  He sent her an email three days later, stating "there shouldn't be a problem because I'd rather be 100 miles away then [sic] in your checkout line."

On March 6, 2015, Byrne received a letter from Whole Foods with the subject "NO TRESPASS ORDER," informing him that because he contacted EB despite being asked not to do so, he was prohibited from entering the store.  It warned Byrne that employees had been instructed to notify the police to have him removed if he appeared in or near the store.

In his letter responding, Byrne acknowledged he had telephone and email contact with EB during the prior seven months.  He admitted to contacting EB on February 28, 2015, and calling her twice on March 6, 2015—the date he received the letter—"because [he] was wound up and needed to complain."   He claimed that although he questioned the legality of the prohibition, he would never contact EB again and that it was his "intention never to step inside [Whole Foods] again."

On February 24, 2017, Byrne filed this civil action against Whole Foods.  He attempts to assert a claim for violation of his due process rights, apparently pursuant to 42 U.S.C. § 1983, and a state law claim for defamation.  He seeks "cancellation" of the no trespass order, an injunction enjoining Whole Foods employees from calling the police if he is on the premises, and $150,000 in damages.

II.

Because plaintiff is proceeding *in forma pauperis*, 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) apply.  The complaint must be dismissed if it is frivolous or fails to state a claim.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

2

To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Additionally, we may dismiss claims based on an affirmative defense that is obvious on the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by Coleman v. Tollefson*, 135 S.Ct. 1759, 1763 (2015). We must construe the *pro se* litigant's allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.

To establish a claim under section 1983, a plaintiff must allege facts, which if proven, establish: (1) the deprivation of a right secured by the Constitution or the laws of the United States; and (2) that the person depriving plaintiff of the right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citation omitted).

Byrne has sued Whole Foods, a private company. Whole Foods is not a state actor. In addition, a section 1983 action can be brought only against persons. Therefore, Byrne has failed to state a cause of action under section 1983.

Plaintiff's defamation claim, which is based on the letter he received on March 6, 2015, is time-barred. "The date of accrual in a § 1983 action is determined by federal law." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which his action is based. *Id.*

3

A one-year statute of limitations governs Byrne's defamation claim.  *See* 42 Pa. Cons. Stat. § 5523(1); *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 174 (3d Cir. 2012) ("The statute of limitations for defamation claims is one year from the date of publication.").  According to his complaint, the alleged defamation occurred in March 6, 2015.  He did not file this action until February 24, 2017.  Thus, on the face of the complaint, his defamation claim is time-barred.

## Conclusion

Because Byrne has not stated a federal claim under section 1983 and his state cause of action for defamation is time-barred, we shall dismiss his complaint.  Leave to amend will not be granted because amendment would be futile.